JAMES NAYLOR of GEORGE *vs.* GEORGE SEMMES.

Where it was the general usage and custom during the time of a certain sheriff, for his deputies to deliver to him all process which came to their hands, when he endorsed such returns thereon, as he, by the said deputies might be directed; this was held to be competent evidence, in an ac-

tion brought by the sheriff upon the official bond of one of his deputies—the inquiry being, whether a return so made was a false return or not. And although the plaintiff was not entitled to recover, unless the jury believed, that such return was made, either by the defendant, or his directions; yet it was held, that the custom was *per se,* under the circumstances, *prima facie* proof, as between the sheriff and his deputy, of such a return having been made.

It was competent for the sheriff and his deputies, to agree upon such a practice, as a law for the regulation of their own official conduct; but such usage or agreement would not be binding upon the interests of third persons.

A witness cannot decline answering a question, merely because it will subject him to a civil liability.

The refusal of the County Court, to compel an unwilling witness to answer a question, though erroneous, will not affect the judgment of the appellate court, where the answer to the question would be irrelveant or inadmissible.

APPEAL from *Prince Georges* County Court.

This action was instituted by the appellee, against the appellant, on the 27th of October, 1824. The case is fully stated by the judge, who delivered the opinion of this court.

It was submitted on notes, to BUCHANAN, Ch. J., EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

By *Julius Forrest,* for the appellant.

*Stonestreet,* for the appellee.

STEPHEN, J., delivered the opinion of the court.

This is an action instituted by *George Semmes,* former sheriff of *Prince Georges* county, against *James Naylor* of *George,* the appellant, one of his then deputies, to obtain a reimbursement of a sum of money which he had been compelled to pay to a certain *Thomas Mundell,* by whom a *capias ad respondendum* had been put into the hands of said *Naylor,* to be served upon a certain *John Ellis,* a debtor of said *Mundell,* who, after the service of said process, suffered said *Ellis* to escape.

This suit being instituted upon the official bond of *Naylor*, he pleaded performance and *non damnificatus*. To these pleas the appellee *Semmes*, replied that *Mundell*, on the day therein mentioned, placed in the hands of *Naylor* the appellant, a writ of *capias ad respondendum*, to be served upon one *James Ellis;* that the writ was duly served, but that *Naylor* suffered *Ellis* to escape, and on the return of the process, stated, that *Ellis* had not been taken, by returning a *non est*. That in consequence thereof, suit had been instituted against him, by *Mundell*, in which a judgment had been recovered for a large quantity of tobacco, which he had been compelled to pay; which said quantity of tobacco the said *Naylor*, although required so to do, had not reimbursed or paid to said *George*. To this replication, the appellant rejoined generally. In the course of the trial, the plaintiff to support the issue on his part, read in evidence to the jury, the record of the verdict, and judgment, recovered against him by *Mundell ;* and then proved by said *Mundell*, that he had paid him the full amount of said judgment; and then proved by said *Ellis*, that he was arrested by said *Naylor*, and further gave in evidence to the jury, the writ upon which the return of *non est* was endorsed, in the hand writing of the plaintiff, and then proved by *Francis Darcey*, a competent witness, that he the said *Darcey*, acted as deputy sheriff at the same time that the defendant did, and that it was the general usage and custom during the time that he, the plaintiff, (now appellee) was sheriff, for the deputy sheriffs to hand to him, the plaintiff, all process that came to their hands; who endorsed such returns thereon, as he by the said deputy sheriffs might be directed; but that he the said *Darcey*, did not know particularly, whether the said return had been endorsed on the said writ by the direction of the defendant. Whereupon the defendant (now appellant,) prayed the court to instruct the jury, that the plaintiff was not entitled to recover, unless they believed from the evidence in the cause, that the false return charged in the plaintiff's repli-

cation was made by the defendant himself, or by some person by his direction, which instruction the court (KEY, and PLATER, A. J.) very properly gave to the jury. The defendant by his counsel, then prayed the court further to instruct the jury, that the proof aforesaid, of what was the general usage and custom of the plaintiff and his deputies, in regard to returning process, was not legal and sufficient evidence for the purpose of showing that the said return was made by the direction of the defendant. Which instruction the court refused to give, and as we think very properly; as it appeared from the evidence in the cause, that it was the general understanding, and agreement between the high sheriff and his deputies, that any return which he might make by their direction, should be considered as a return made by themselves, such proof was at least *prima facie* evidence of the fact it was offered to establish, as between the sheriff and his deputy, and threw the *onus probandi* of the contrary, upon the defendant; as the sheriff, in consequence of such general usage and custom, might not have any other evidence of the fact of the return being made as stated. It was certainly competent for the sheriff and his deputies, to agree upon such practice, as a law for the regulation of their own official conduct, but such usage or agreement, would not be binding or obligatory upon the interests of third persons. The plaintiff further proved by said *Ellis,* a witness sworn on his part, that the defendant had, whilst acting as a deputy sheriff under the plaintiff, arrested him the said *Ellis,* by virtue of a writ of *capias ad respondendum,* sued out of *Prince George's* County Court, by *Thomas Mundell,* to recover of him a quantity of tobacco. The said witness was, by the defendant's counsel, on cross examination asked, whether the said quantity of tobacco had ever been paid by him the witness. To the competency of which question the witness objected, on the ground, that he the witness, by answering it, might be subject to the payment of a debt; which objection was by the court sustained. To which opinion

of the court, the defendant excepted. In giving this last opinion, upon the ground of the objection stated in the exception, the court below clearly erred; because it is the settled law in *England,* and has been repeatedly decided by this court, that a witness in the course of his examination, is not privileged from answering a question propounded to him, because it might subject him to the payment of a civil debt. In *Taney vs. Kemp,* 4 *Harr. and Johns.* 348, and *The City Bank of Baltimore, vs. Bateman,* 7 *Harr. and Johns.* 104, the cases establish the principle, "that a witness is bound to answer a question touching the issue in an action at law, in which he is not a party, although it may establish, or tend to establish that he owes a debt, or otherwise subject him to a civil suit or bill in chancery." We think therefore, that the court below erred, in excusing the witness from answering the question propounded to him upon the ground of interest; but that they were right in not compelling him to answer it, upon the principle that the answer to the question, whether in the negative or affirmative, could not affect the merits of the controversy pending between the parties, and was therefore irrelevant and inadmissible.

**JUDGMENT AFFIRMED.**

N. B. This case was decided in 1829, and accidentally omitted.